# CLEARY | GIACOBBE | ALFIERI | JACOBS LLC

MARY ANNE GROH, Partner
mgroh@cgajlaw.com
**Reply to: Oakland Office**

July 29, 2025

**Via ECF**
Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court
MLK Building & US Courthouse
50 Walnut Street
Newark, New Jersey 07101

       Re: **Cassidy and Salazar v. City of Hackensack, et als**
           **Civil Case No. 2:22-cv-02445-MCA-LDW**

Your Honor:

The undersigned is counsel to Defendants in the above-referenced matter. **I am hereby writing to request a conference call at your earliest opportunity to discuss issues related to the parties' joint motion to seal that is required to be filed on Thursday, July 31, 2025.**

By way of background, the Confidentiality Order entered by this Court on September 20, 2023 requires a party who files documents that were designated as confidential to file such documents under seal. (ECF37 at ¶9). As Your Honor is aware, the Local Rules applicable to the District of New Jersey mandate that the parties prepare an index of documents sought to be sealed with justifications and an indication as to whether the adverse party disputes the need for sealing. D.N.J.Local.R. 5.3.

Toward that end, on July 7, 2025, when the deadline for filing the motion to seal was July 17, 2025, the undersigned forwarded to Plaintiffs' counsel Samuel Wilson, Esq. motion papers addressing all confidential documents referenced by Defendants in support of their motion for summary judgment and/or in opposition to Plaintiffs' motion for partial summary judgment that the undersigned believes should be sealed. I asked Mr. Wilson to provide feedback on the documents identified by Defendants and to supplement the papers with documents relied on by Plaintiffs. On July 25, 2025, having no response from Mr. Wilson, I wrote reminding him of the filing deadline. Mr. Wilson's office thereafter made a request to extend the deadline with my consent. To my surprise, Mr. Wilson indicated in his application for an extension of time that "Plaintiffs do not intend to move for a permanent order sealing

---

**Oakland Office: 169 Ramapo Valley Road, UL 105, Oakland, NJ 07436 Tel 973 845-6700 Fax 201 644-7601**
Somerville Office: 50 Division Street, Suite 501, Somerville, NJ 08876 Tel 732 583-7474 Fax 201 644-7601
Haddonfield Office: 255 Kings Highway East, Haddonfield, NJ 08033 Tel 732 583-7474 Fax 732 290-0753
Matawan Office: 955 State Route 34, Suite 200, Matawan, NJ 07747 Tel 732 583-7474 Fax 732 290-0753

www.cgajlaw.com

any documents." I wrote to Mr. Wilson to point out that he was obligated under the Confidentiality Order to file any documents marked by Defendants as Confidential under seal and asked him to determine if he was relying on any documents that were stamped or otherwise designated as confidential by Defendants in discovery so we could confer as required by the Court Rules. I also reminded Mr. Wilson that I needed to understand if he took issue with documents that I sought to seal. On July 23, 2025, Mr. Wilson advised that he be taking steps to comply with the Confidentiality Order and would get back to me by July 28, 2025. I did not receive any email or other communication from Mr. Wilson.

Even if Defendants - rather than Plaintiffs - were required to identify exhibits proffered by Plaintiffs that should be kept under seal, that task is virtually impossible because Plaintiffs did not include pinpoint citations and filed the entire transcripts, not just excerpts that they rely on in support of their motion and/or opposition. If Plaintiffs only filed excerpts relied upon by them, the task of identifying confidential testimony would be possible.

I respectfully request that the Court conduct a call and/or issue an order to give counsel guidance on how to handle the full deposition transcripts in the motions to seal and coordination of the preparation of the joint motion to seal.

Respectfully submitted,

/s/ *Mary Anne Groh*

Mary Anne Groh

cc:   Samuel C. Wilson, Esq. (via ECF)